IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-15-200-C |
| | ) | |
| RUSSELL D. EHRENS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion in Limine seeking to preclude Defendant from offering evidence or argument to the jury on a number of issues. Defendant has also filed a number of Motions seeking a pretrial ruling on evidence. Consistent with the Court's rulings in open Court, these Motions are addressed herein:

First, Plaintiff's Motion in Limine seeks to prevent Defendant from advocating or questioning in support of jury nullification. Plaintiff states that it anticipates Defendant may seek to convince the jury that the potential sentence for the crimes for which he is charged is excessive or that the crime should not be prosecuted as a federal crime. In response, Defendant argues that such evidence should be permitted. In support of his argument, Defendant relies on three recent Supreme Court cases – United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Jones v. United States, 526 U.S. 227 (1999). Defendant argues these cases demonstrate the Supreme Court is

recognizing the important role the jury plays in assessing punishment for a crime and therefore he should be permitted to bring nullification issues before the jury.

After review, the Court finds that none of the cases relied on by Defendant support his position. Rather, those cases refined the fact that it is necessary for the jury to find the particular facts that the law makes essential to punishment. Certainly none of the three offers a basis on which the Court can ignore the Tenth Circuit's clear mandate on the nullification issue. In United States v. Walling, No. 94-1175, 1995 WL 225279 at *1 (10th Cir. Apr. 7, 1995) (unpublished), the Tenth Circuit stated: "It is well established that courts may not instruct juries that they have the power to disregard the law or find the defendant not guilty despite the government's proof of guilt beyond a reasonable doubt." The Tenth Circuit has also on several occasions[*] cited with approval the Eleventh Circuit case of United States v. Trujillo, 714 F.2d 102, 105-106 (11th Cir. 1983), where that court stated, "While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath." Finally, to the extent Defendant argues the jury should be aware of the potential punishment that Defendant faces, the Tenth Circuit rejected this argument, stating, "Unless a statute specifically requires jury participation in determining punishment, the jury should not be informed of the possible penalties." United States v. Parrish, 925 F.2d 1293, 1299 (10th Cir. 1991), abrogated on

---

[*] See United States v. Gonzalez, 596 F.3d 1228, 1237 (10th Cir. 2010); United States v. Sealander, Nos. 95-6002, 95-6017, 95-6018, 1996 WL 408368 (10th Cir. July 19, 1996) (unpublished); United States v. Mason, 85 F.3d 471, 473 (10th Cir. 1996); and United States v. Walling, No. 94-1175, 1995 WL 225279 (10th Cir. Apr. 7, 1995) (unpublished).

other grounds by United States v. Wacker, 72 F.3d 1453 (10th Cir. 1995). Accordingly, this portion of Plaintiff's Motion in Limine will be granted.

Plaintiff's Motion in Limine next seeks to exclude any evidence of the prior sexual behavior of R.W. Plaintiff argues this individual's prior sexual activity has no relevance to the issues in this case. In response, Defendant has argued in his Response brief and filed Motions outlining reasons why he believes the prior sexual activity of R.W. is relevant and should be presented to the jury. After consideration of the arguments raised by Defendant, the Court finds that none of the grounds or arguments suggested provide a reason to discuss the prior sexual activity of R.W. Therefore, Plaintiff's Motion in Limine will be granted on this issue. Defendant's request to disclose Fed. R. Evid. 412 evidence is denied.

Plaintiff's Motion in Limine next argues that Defendant should be prohibited from referring to R.W. as a child prostitute or other inflammatory terms. Rather, Plaintiff argues, R.W. should be referred to as a victim. Defendant agrees he will not use the term "child prostitute," but objects to Plaintiff's suggestion that R.W. should be called a victim of trafficking or even a victim, prior to the case against him being proven. Defendant argues that to place the term "victim" on R.W. would establish Defendant's guilt prior to a jury determination. Defendant argues he should be permitted to use the terms prostitute, sex worker, escort, or paid companion when referring to R.W. as this is proper and necessary to his defense.

After consideration of the parties' arguments, the Court finds the preferred reference to R.W. should be to simply use her first name. Undoubtedly evidence that a female arrived

at Defendant's home following Defendant's calling an escort service would necessarily imply some connection with that person and the escort service. Likewise, given the language of the statute, it seems inevitable that the term "victim" will be uttered. Nevertheless, the Court finds no need by any party to refer to R.W. by any particular descriptor other than her name. Thus, both parties shall make every effort to refrain from using other descriptors of R.W. This matter may be revisited as necessary during trial.

The final portion of Plaintiff's Motion in Limine requests the Court to close the courtroom for testimony of any minor. Plaintiff argues that making her identity obvious to the public or press or others could impose lifelong ramifications beyond the trauma of the crime itself. Defendant objects, arguing that the Tenth Circuit has held that a right to an open trial should give way only rarely to other interests, citing <u>Davis v. Reynolds</u>, 890 F.2d 1105, 1109 (10th Cir. 1989). Defendant then points to a number of factors which he argues would support having the courtroom be open. As for protection of R.W.'s image, Defendant argues that that image has already been disseminated to a number of members of the public by the nature of her participation in the business and the existence of her picture on various webpages as available pursuant to that business.

18 U.S.C. § 3509(a) provides the test for determining whether or not the courtroom should be closed. That statute states:

> When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's

> inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

As noted at the hearing held on November 30, 2015, the Court will conduct a brief hearing on this issue prior to trial.

Defendant has filed a Motion seeking to preclude Plaintiff from calling Derek Stigerts as an expert witness. Mr. Stigerts is proffered by Plaintiff as an expert on the human trafficking industry. Plaintiff states that "the sole purpose for eliciting testimony from Detective Stigerts is to aid and assist the jury in understanding the organization, terminology, and modus operandi of the sex trafficking industry." (Pl.'s Resp. to Def.'s Mot. in Limine, Dkt. No. 66, p. 2).

As the Court noted at the hearing, given the nature of the charges brought against Defendant, the evidence to be presented by Detective Stigerts is inadmissible pursuant to Fed. R. Evid. 403 as more prejudicial than probative. Its extremely limited probative value is substantially outweighed by the time necessary to present the evidence. Defendant's Motion will be granted.

Defendant filed a Motion for Writ of Habeas Corpus Ad Testificandum seeking assistance in bringing an incarcerated witness to trial to testify. In light of the Court's ruling that Defendant is prohibited from offering Rule 412 evidence, the writ will be denied as the witness's testimony would not be admissible.

Finally, Defendant has filed a Motion seeking production of certain recordings of telephone calls he has made while in jail. Plaintiff states that copies of the calls have been produced to Defendant. Accordingly, Defendant's Motion will be denied.

## CONCLUSION

As set forth herein, the United States' Consolidated Motions in Limine (Dkt. No. 40) is GRANTED in part and denied in part. Defendant Ehrens' Detailed Motion Relating to Evidence Offered Under Fed. R. Evid. 412 (Dkt. No. 56), as well as Defendant Ehrens' Disclosure of Intent to Use Potential 412 Evidence (Dkt. No. 47) are both DENIED. Defendant's Motion for Writ of Habeas Corpus Ad Testificandum (Dkt. No. 53) is DENIED. Defendant Ehrens' Motion to Exclude Government's Human Trafficking Expert, Detective Derek Stigerts as Irrelevant, Unnecessary to the Jury's Fact Finding Function, and Unduly Inflammatory (Dkt. No. 64) is GRANTED. Defendant Ehrens' Motion to Produce Defendant's Relevant Statements Pursuant to Fed. R. Crim. P. 16 (Dkt. No. 65) is DENIED as moot.

IT IS SO ORDERED this 1st day of December, 2015.

ROBIN J. CAUTHRON
United States District Judge